Case 2:21-cr-00566-NJC   Document 1   Filed 11/09/21   Page 1 of 14 PageID #: 1

```
                                    F I L E D
                                 IN CLERK'S OFFICE
                              U.S. DISTRICT COURT E.D.N.Y.

                              ★    NOV 09 2021    ★

                                 LONG ISLAND OFFICE
```

MRM:AFE/CBD
F. # 2020R00262

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SHAWN PHILLIPS,
JEFFREY NOVIS and
PHILIP PRIOLO,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR 21 566**
(T. 18, U.S.C., §§ 1341, 1343, 1349, 2
and 3551 et seq.)

**BROWN, J.**

**LOCKE, M. J.**

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendants and Their Mass-Mailing Fraud Schemes</u>

        1.    In or about and between March 2015 and December 2016, both dates being approximate and inclusive, the defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, engaged in mass-mailing fraud schemes that sent fraudulent prize notices to consumers throughout the United States (the "Novis-Priolo Mass-Mailing Schemes"). The prize notices falsely and fraudulently induced recipients (the "Victims") to pay fees as a purported condition of receiving promised cash prizes. Despite payment of such fees by many Victims, the promised cash prizes were not given.

        2.    In or about and between June 2013 and November 2016, both dates being approximate and inclusive, the defendant SHAWN PHILLIPS, together with others,

engaged in mass-mailing fraud schemes that sent fraudulent prize notices to consumers throughout the United States (the "Phillips Mass-Mailing Schemes"). The prize notices falsely and fraudulently induced Victims to pay fees as a purported condition of receiving promised cash prizes. Despite payment of such fees by many Victims, the promised cash prizes were not given.

3. The defendants SHAWN PHILLIPS, JEFFREY NOVIS, and PHILIP PRIOLO conspired with Gary Denkberg and NOVIS's son Sean Novis, who owned and controlled a direct-mail operation based on Long Island, New York (the "Direct-Mail Operation"). The Direct-Mail Operation aided and abetted PHILLIPS, NOVIS, and PRIOLO in the execution of both the Phillips and the Novis-Priolo Mass-Mailing Schemes. In furtherance of the schemes, employees of the Direct-Mail Operation handled many of the daily operations of the Phillips and the Novis-Priolo Mass-Mailing Schemes, including inventory management, working with third-party vendors to print and mail the prize notices, and maintaining and updating the schemes' mailing lists.

4. In and about September 2016 through November 2016, both dates being approximate and inclusive, the defendant JEFFREY NOVIS conspired with the defendant SHAWN PHILLIPS to facilitate the Phillips Mass-Mailing Schemes by taking Victim responses from the U.S. Mail, depositing the payments into a bank account, and transmitting Victim funds to PHILLIPS.

II.    The Novis-Priolo Mass-Mailing Schemes

5. As part of the schemes, the defendants JEFFREY NOVIS and PHILIP PRIOLO, together with Sean Novis, Gary Denkberg, and others, sent fraudulent prize notices by U.S. Mail to the Victims, many of whom were elderly and vulnerable. The prize notices

fraudulently represented that the Victims were specifically chosen to receive a large cash prize—typically, over $1,000,000—and would receive the prize if they paid a fee, ranging from approximately $20 to $40. Victims who paid the requested fee did not receive the promised cash prize. The object and purpose of the schemes was to obtain money from the Victims by means of these false and fraudulent statements and material concealments of fact in the mailings.

6. The defendants JEFFREY NOVIS and PHILIP PRIOLO sent multiple versions of the fraudulent prize notices to the Victims. The fraudulent prize notices appeared to be from official-sounding entities, such as "Prize Advisory Board," which the mailings represented as sophisticated businesses with employees and organizational structures. The prize notices appeared to be signed by officers or representatives of the entities, such as "Sean Williams, Director P.A.B." In fact, these entities existed only on paper, and the named officers and representatives did not exist.

7. The fraudulent prize notices appeared to be personalized notices for the respective recipients. In fact, the prize notices were mass-produced, boilerplate documents that were bulk mailed to hundreds of thousands of recipients. The defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, obtained the names and addresses of recipients from mailing lists purchased from other parties. When the Victims sent payments in response to fraudulent prize notices, NOVIS and PRIOLO, together with others, sent additional fraudulent prize notices to the Victims.

8. In addition to the false and misleading language described above, the fraudulent prize notices often included language indicating that the recipients had not won any money or prizes, and that the mailings were not prize notifications or sweepstakes entry

forms. However, the language did not correct the false and misleading statements contained in the mailings.

9. The fraudulent prize notices included pre-addressed return envelopes and directed the recipients to pay the fees by cash, check, or money order sent to the return address listed on the envelope. The fraudulent prize notices directed Victims to make checks and money orders payable to multiple three-letter payee names, including "PAB" and "NPF." The defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, rented post office boxes at multiple post offices on Long Island to receive return mailings from the Victims.

10. The defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, caused return mailings from the Victims to be delivered from the post office boxes to a Long Island-based "caging service," which is an operation that receives and handles return mail, payments, and correspondence on behalf of a direct mailer (the "Long Island Caging Service"). The Long Island Caging Service recorded Victim responses and payments in a database, and transmitted Victim payments to PacNet Services Ltd. ("PacNet"), a payment processor based in Canada.

11. As part of the mass-mailing schemes, the defendant PHILIP PRIOLO opened accounts with PacNet in order to receive and process Victim payments. PRIOLO provided PacNet with the three- or four-letter payee names that would appear on checks and money orders from Victims. PRIOLO directed PacNet to disburse the proceeds of the fraud schemes through wire transfers to bank accounts controlled by the defendant JEFFREY NOVIS and PRIOLO, as well as to pay co-conspirators, including the Direct Mail Operation

and vendors that provided various services to facilitate the Novis-Priolo Mass-Mailing Schemes.

12. From approximately March 2015 through December 2016, the Novis-Priolo Mass-Mailing Schemes received more than $2.2 million from the Victims. The defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, used this money to enrich themselves and to further promote the schemes.

III. The Phillips Mass-Mailing Schemes

13. As part of the schemes, the defendant SHAWN PHILLIPS, together with others, sent fraudulent prize notices by U.S. Mail to the Victims, many of whom were elderly and vulnerable. The prize notices fraudulently represented that the Victims were specifically chosen to receive a large cash prize—typically, over $1,000,000—and would receive the prize if they paid a fee, ranging from approximately $20 to $40. Victims who paid the requested fee did not receive the promised cash prize. The object and purpose of the scheme was to obtain money from the Victims by means of these false and fraudulent statements and material concealments of fact in the mailings.

14. The defendant SHAWN PHILLIPS sent multiple versions of the fraudulent prize notices to the Victims. The fraudulent prize notices appeared to be from official-sounding entities, such as "Pinkerton Prize Authority" and "Prize Disbursement Authority," and appeared to be signed by officers or representatives of the entities, such as "Allan Pinkerton, President" and "Gerald Bauer, President." In fact, these entities existed only on paper, and the named officers and representatives did not exist.

15. The fraudulent prize notices appeared to be personalized notices for the respective recipients. In fact, the prize notices were mass-produced, boilerplate documents

that were bulk mailed to hundreds of thousands of recipients. The defendant SHAWN PHILLIPS, together with others, obtained the names and addresses of recipients from mailing lists purchased from other parties. When the Victims sent payments in response to fraudulent prize notices, PHILLIPS, together with others, sent additional fraudulent prize notices to the Victims.

16. In addition to the false and misleading language described above, the fraudulent prize notices often included language indicating that the recipients had not won any money or prizes and that the mailings were not prize notifications or sweepstakes entry forms. However, the language did not correct the false and misleading statements contained in the mailings.

17. The fraudulent prize notices included pre-addressed return envelopes and directed the recipients to pay the fees by cash, check, or money order sent to the return address listed on the envelope. The fraudulent prize notices directed Victims to make checks and money orders payable to multiple three-letter payee names, including "PTN" and "PDA." The defendant SHAWN PHILLIPS, together with others, rented post office boxes at multiple post offices to receive return mailings from the Victims.

18. From at least as early as July 2013 through September 2016, the defendant SHAWN PHILLIPS, together with others, caused return mailings from the Victims to be delivered from the post office boxes to the Long Island Caging Service. The Long Island Caging Service recorded Victim responses and payments in a database and transmitted Victim payments to the payment processor PacNet.

19. The defendant SHAWN PHILLIPS, along with others, opened accounts with PacNet in order to receive and process Victim payments. PHILLIPS and his

co-conspirators directed PacNet to disburse the proceeds of the fraud schemes through wire transfers, checks, and cash. PHILLIPS and his co-conspirators directed wire transfers to bank accounts controlled by PHILLIPS, as well as to pay co-conspirators including the Direct Mail Operation, and vendors that provided various services to facilitate the Phillips Mass-Mailing Schemes.

20. In or about October 2014, a Judicial Officer of the United States Postal Service issued a Cease and Desist Order that permanently banned a co-conspirator of the defendant SHAWN PHILLIPS and a company through which PHILLIPS, along with others, operated the Phillips Mass-Mailing Schemes, from sending fraudulent prize notices. Despite this Cease and Desist Order, PHILLIPS continued sending fraudulent prize notices.

21. From approximately June 2013 to November 2016, the Phillips Mass-Mailing Schemes received more than $10.8 million from the Victims. The defendant SHAWN PHILLIPS, together with others, used this money to enrich himself and to further promote the schemes.

IV. The Defendants' Collection of Victim Proceeds after September 26, 2016

22. On or about September 22, 2016, the United States filed a civil complaint that alleged the operators and employees of the Long Island Direct Mail Operation, including Sean Novis and Gary Denkberg, and the operator of the Long Island Caging Service, were engaged in predatory mail fraud schemes targeting primarily the elderly and vulnerable. On or about that same date, the United States District Court for the Eastern District of New York entered a temporary restraining order barring the operators and employees of the Direct-Mail Operation, including Sean Novis and Gary Denkberg, as well as the operator of the Long Island Caging Service, from using the United States mail to

distribute any materials that represent: (1) that the recipient has won, will win, or will receive cash, prizes, or awards; or (2) that offer for sale information regarding sweepstakes or lotteries (the "Temporary Restraining Order"). As a result of the Temporary Restraining Order, the Direct Mail Operation immediately ceased facilitating mailings and the Long Island Caging Service immediately ceased processing victim payments for the defendants SHAWN PHILLIPS, JEFFREY NOVIS, and PHILIP PRIOLO.

23. On or about September 26, 2016, PacNet stopped processing any U.S. dollar payments, including payments from Victims of the mass-mailing schemes operated by the defendants SHAWN PHILLIPS, JEFFREY NOVIS, and PHILIP PRIOLO.

24. In or around and between October 2016 and November 2016, the defendant JEFFREY NOVIS conspired with the defendant SHAWN PHILLIPS to facilitate the processing of Victim payments that had been sent in response to prize notices as part of the Phillips Mass-Mailing Schemes.

25. In support of the Phillips Mass-Mailing Schemes, the defendant JEFFREY NOVIS formed the shell company Creative Development LLC in the State of South Dakota in or around October 2016.

26. On or about October 26, 2016, the defendant JEFFREY NOVIS opened two bank accounts in the name of Creative Development LLC at Signature Bank, Private Client Group located in Jericho, New York. NOVIS provided the three-letter payee names utilized by the defendant SHAWN PHILLIPS as the payee names on his fraudulent prize notifications as "doing business as" names for Creative Development LLC on the two accounts, including "PTN," "PDA," and "APO." In or about November 2016, NOVIS

deposited checks and money orders sent by Victims in response to prize solicitations sent as part of the Phillips Mass-Mailing Schemes into the two Creative Development LLC bank accounts. NOVIS then forwarded those proceeds on to bank accounts controlled by PHILLIPS.

27. After September 2016, the defendants JEFFREY NOVIS and PHILIP PRIOLO continued to take from the U.S. Mail payments from Victims of the Novis-Priolo Mass-Mailing Schemes. NOVIS and PRIOLO deposited checks and money orders received from Victims in response to the Novis-Priolo Mass-Mailing Schemes into bank accounts they controlled in or around November and December 2016.

## COUNT ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

28. The allegations contained in paragraphs one through 27 are realleged and incorporated as if fully set forth in this paragraph.

29. In or about and between June 2013 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SHAWN PHILLIPS and JEFFREY NOVIS, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to (a) place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and to take and receive therefrom one or more such matters and things, contrary to Title 18, United States Code, Section 1341, and (b) transmit and cause to be

transmitted, by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Mail Fraud and Wire Fraud)

30. The allegations contained in paragraphs one through 27 are realleged and incorporated as if fully set forth in this paragraph.

31. In or about and between March 2015 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to (a) place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and to take and receive therefrom one or more such matters and things, contrary to Title 18, United States Code, Section 1341, and (b) transmit and cause to be transmitted, by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS THREE THROUGH SIX
(Mail Fraud)

32. The allegations contained in paragraphs one through 27 are realleged and incorporated as if fully set forth in this paragraph.

11

33. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants JEFFREY NOVIS and PHILIP PRIOLO, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did place and cause to be placed one or more matters and things in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and did take and receive therefrom such matters and things, as set forth below:

| Count | Approximate Date | Description |
| --- | --- | --- |
| THREE | November 21, 2016 | Check sent from Kentucky by Victim A.G., an individual whose identity is known to the Grand Jury, to the Eastern District of New York, in response to a fraudulent prize notice |
| FOUR | December 11, 2016 | Check sent from Florida by Victim M.T., an individual whose identity is known to the Grand Jury, to the Eastern District of New York, in response to a fraudulent prize notice |
| FIVE | December 15, 2016 | Check sent from Virginia by Victim A.K., an individual whose identity is known to the Grand Jury, to the Eastern District of New York, in response to a fraudulent prize notice |
| SIX | December 21, 2016 | Check sent from California by Victim N.G., an individual whose identity is known to the Grand Jury, to the Eastern District of New York, in response to a fraudulent prize notice |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNTS SEVEN AND EIGHT
(Wire Fraud)

34. The allegations contained in paragraphs one through 27 are realleged and incorporated as if fully set forth in this paragraph.

35. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants SHAWN PHILLIPS and JEFFREY NOVIS, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purposes of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures, and sounds, as set forth below:

| Count | Approximate Date | Description |
| --- | --- | --- |
| SEVEN | November 10, 2016 | Interstate wire transfer of $5,000.00 from the account of Creative Development LLC at Signature Bank to the account of PHILLIPS at Bank of America |

| Count | Approximate Date | Description |
|---|---|---|
| EIGHT | November 16, 2016 | Interstate wire transfer of $6,000.00 from the account of Creative Development LLC at Signature Bank to the account of PHILLIPS at Bank of America |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH

F. #2020R00262

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

SHAWN PHILLIPS, JEFFREY NOVIS and PHILIP PRIOLO,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 1341, 1343, 1349, 2 and 3551 et seq.)

*A true bill.*

*Karen Swiecicki*
_____
                                                                *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                      *Clerk*

Bail, $ _____

Ann F. Entwistle, *Trial Attorney, U.S. Department of Justice*
(202) 305-3630