# EXHIBIT 2

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.

SIGNATURE: Kristina Curtis
DATE: 9-15-21
TITLE: Supervisory Archives Specialist
NAME AND ADDRESS OF DEPOSITORY:
NARA - Office of Regional Records Services
200 NW Space Center Drive
Lee's Summit, MO 64064

NA FORM 13040 (10-86)



months followed by three years supervised release. In addition, the Court ordered that he pay his costs of imprisonment and supervised release. On April 16, 2004 AUSA Mary Dickman filed a Satisfaction of Judgment with the Clerk certifying that Mr. Novis has fulfilled his obligation to pay the judgment (See Satisfaction of Judgment attached as Exhibit A).

In addition, I have been in contact with Mr. Novis's probation officer in the Southern District of Florida, Marilyn Calvache, where he currently resides. She related that since completing his sentence on April 3, 2002 Mr. Novis has so far fulfilled the requirements of his supervised release and joins in our request for early discharge. In light of the preceding facts, Mr. Novis respectfully requests a discharge from the remaining period of supervised release.

Respectfully submitted,

Ronald Rubinstein/LO
Ronald Rubinstein

cc: AUSA Mary Dickman, Esq. (via facsimile)
USPO Marilyn Calvache (via facsimile)

42

SFO:MAK
F.#
Informat.s

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAVID DOBIN and JEFFREY NOVIS,

    Defendants.

- - - - - - - - - - - - - - - - - X

INFORMATION

95 CR 0250 (TCP)
(T. 18, U.S.C. §§ 371,
2 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information:

1. The defendants DAVID DOBIN and JEFFREY NOVIS were the owners and principals of Wellsworth Smythe Jewelers, Ltd., a business located at 1850 Landsdowne Avenue, Merrick, New York.

2. The defendants DAVID DOBIN and JEFFREY NOVIS were in the business of generating direct mail "sweepstakes" announcements to individuals whose names appeared on target lists they had purchased. From approximately May 1993 to September 1994, the defendants caused hundreds of thousands of such announcements to be mailed to individuals across the United States.

3. Announcements were mailed under the names of at least thirty different companies, including the following: Audit and Control Award Processing Station; Automated Transfer Systems; Award Notification Council; Awards Direct; Benson

3

Foundation USA; Cash Installment Services; Cash/Merchandise Selection Committee; Central Funds Delivery; Corporate Disbursement Division; Correspondence Division; Davidson, Jeffries & March; Department of Award Disbursements; Department of Cash Awards; DNH Confirmation Division; DNH Prize Claim Office; DNH Processing Department; D.O.C.A.; EDP Marketers of America -- Cash Disbursements Division; Fortunes Unlimited; Fulfillment Bureau International; Main Processing Unit; N.A.A.N.; National Award Processing Station of Northeast Region; National Scheduling Services; Prize Selection Committee; Rainbows Unlimited, USA; Select Awards Associates; Sweeps-Tech America; Wellsworth Smythe Jewelers, Ltd.; and WSJ Ltd. -- Prize Disbursement Division.

4. Each announcement was also signed by an individual with a title such as "Chairperson", "Chief of Corporate Records", "Treasurer", "Comptroller" or "Independent Auditor".

5. Each announcement was designed to lead the recipient to believe that he had won $12,000 and that to receive the money, he need only complete and return an enclosed form, purportedly to verify his identity. The announcement advised the "winner" that a unique identification number had been assigned to him that would also be used to verify his identity.

6. Each "winner" was also advised that if he enclosed a particular sum, ranging from $6.98 to $10.98, then he would receive additional "entitlements" purportedly worth thousands of dollars.

7. Some of the announcements advised "winners" that for an additional fee, typically $2.00, the "winner's" claim would be processed more quickly and the "winner" would therefore receive his money more quickly.

8. A typical announcement, which the defendants DAVID DOBIN and JEFFREY NOVIS caused to be mailed in the name of the "DNH Prize Claim Office -- Office of Cash Awards", read as follows:

> I hope you get this letter in time, otherwise the $12,000.00 cash prize we want to send you will have to be given to an alternate winner. We are waiting to hear from you.
> As a person who recently participated in one of our nationwide contests, it is my pleasure to tell you that you have been selected to receive our $12,000.00 cash giveaway!
> If you fill out and sign the prize delivery data sheet, and return the winning claim number to our office in the envelope we've provided, we will deliver a cash certified check to your front door via USPS overnight courier for $12,000.00!
> In addition, bonuses worth up to $1,500.00 have already been reserved for you.
> This is no joke. Everyday people who have winning claim numbers worth thousands of dollars don't respond and never get the money they had coming to them. Don't let that happen to you.
> [Signed], James L. Larsen, Treasurer.

9. The announcement described in paragraph eight above also included a "Prize Delivery Data Sheet", stating that: "If you do return the winning claim number in time, with $8.98 processing bonus, you will receive a certified check for $12,000.00, bonuses worth up to an additional $1,500.00, and a surprise FREE bonus gift that could mean even more cash in your pocket!."

10. The defendants DAVID DOBIN and JEFFREY NOVIS caused to be mailed a similar announcement purportedly from the "Office of Larry Clark, Prize Disbursement Division". After advising the "winner" of his good fortune, the announcement continued with a "Prize Winners Affidavit and Official Publicity Release", which stated in relevant part: "A $7.98 fee is required to receive your bonuses. For priority super-rush processing include $2 extra (total $9.98). Your check or money order should be made payable to: WSJ Ltd. Cash Giveaway".

11. The "winners" were all directed in the sweepstakes announcements to send their responses to one of Five Post Office Boxes that the defendants DAVID DOBIN and JEFFREY NOVIS either opened or caused to be opened in 1993 and 1994.

12. Between May 1993 and September 1994, more than 650,000 individuals not only responded to the various sweepstakes announcements, but enclosed additional money totalling more than $6,000,000, which the defendants DAVID DOBIN and JEFFREY NOVIS caused to be collected and deposited into various bank accounts they had opened.

COUNT ONE

13. Paragraphs one through twelve are hereby repeated, realleged and incorporated as though set forth in full herein.

14. In or about and between May 1993 and September 1994, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID DOBIN and JEFFREY NOVIS, together with others, did knowingly and

wilfully combine, conspire, confederate and agree to commit an offense against the United States, in violation of Title 18, United States Code, Section 1341, by conspiring to use and cause the use of the United States Mails as part of a continuing scheme to defraud individual recipients of the defendants' sweepstakes announcements and to obtain money and property by means of false and fraudulent pretenses and representations.

15. It was a part of the conspiracy that the defendants DAVID DOBIN and JEFFREY NOVIS designed the various sweepstakes announcements to lead recipients to believe they had won $12,000, when in fact, the defendants did not intend to pay them anything. The purpose of leading the recipients to believe they had won $12,000 was to induce them to return the identity verification form with money for the "entitlements" the recipients had been told were reserved for them, as well as money to expedite the receipt of the $12,000.

16. It was a further part of the conspiracy that, in order to lend authenticity to the various announcements, the defendants DAVID DOBIN and JEFFREY NOVIS caused the announcements to be sent under the names of companies that were fictitious and under the signature of corporate officers whose names and titles were fictitious.

17. It was a further part of the conspiracy that despite generating sweepstakes announcements under more than thirty company names, the defendants DAVID DOBIN and JEFFREY NOVIS made an award of $12,000 only three times. Thus, in the

cases of most of the "companies" under whose names the defendants caused announcements to be mailed, no genuine winners were ever named and no money was ever awarded.

18. It was a further part of the conspiracy that "winners" who returned the expediting fee had their claims treated no differently than those who did not pay the additional money.

19. It was a further part of the conspiracy that the "entitlements" purportedly reserved for the "winners", which the "winners" would receive after providing a fee with the identification form, were in fact nothing more than pamphlets advertising discount prices on various goods and services, such as "our versions" of well-known perfume brands and other products. In order to achieve the full benefits of the "entitlements", a "winner" would have to spend thousands of dollars. It was the intent of the defendants DAVID DOBIN and JEFFREY NOVIS that the "winners" believe that the "entitlements" reserved for them would cost no more than the few dollars the "winners" enclosed to receive the "entitlements."

20. It was a further part of the conspiracy that when a "winner" returned the identification form with money, the defendants DAVID DOBIN and JEFFREY NOVIS caused to be mailed to that person further announcements declaring that the person had won again, with the intent that that person return yet more money. In fact, many "winners" paid multiple times.

21. In furtherance of the conspiracy and to accomplish its objects, the defendants DAVID DOBIN and JEFFREY NOVIS caused to be committed, within the Eastern District of New York, the following:

OVERT ACT

On or about December 1993, the defendants DAVID DOBIN and JEFFREY NOVIS caused to be mailed sweepstakes announcements under the name and return address "DNH Confirmation Division, Box 368, Bellmore, New York, 11710."

(Title 18, United States Code, Sections 371, 2 and 3551 et seq.).

ZACHARY W. CARTER
United States Attorney
Eastern District of New York